IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. KANE, BANKRUPTCY TRUSTEE; AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, HAWAII TEAMSTERS AND ALLIED WORKERS, LOCAL 996,<br><br>    Plaintiffs,<br><br> vs.<br><br>PACAP AVIATION FINANCE, LLC, PACIFICCAP INVESTMENT MANAGEMENT, LLC, MALAMA INVESTMENTS, LLC, SNOWBIZ VENTURES, LLC, PACAP MANAGEMENT SOLUTIONS, LLC, PACAP ADVISORS, LLC, JEFFREY AU, JACK TSUI, JACK CHUCK SHE TSUI TRUST, LAWRENCE INVESTMENTS, LLC, LAWRENCE J. ELLISON REVOCABLE TRUST, OHANA AIRLINE HOLDINGS, LLC, CARBONVIEW LIMITED, LLC, PAUL MARINELLI, LAWRENCE J. ELLISON, CATHERINE YANNONE, CHRISTOPHER GOSSERT,<br><br>    Defendants. | CIVIL NO. 19-00574 JAO-RT<br><br><br>**ORDER DENYING VARIOUS DEFENDANTS' (1) OBJECTION TO PARTIAL SUMMARY JUDGMENT ORDER [ECF NO. 47-1]; (2) MOTION FOR RULE 54(B) CERTIFICATION [ECF NO. 48-1]; (3) MOTION FOR DE NOVO REVIEW OF PARTIAL SUMMARY JUDGMENT ORDER [ECF NO. 63]; AND (4) MOTION FOR DE NOVO REVIEW OF MOTION TO DISMISS ORDER [ECF NO. 64]** |

**ORDER DENYING VARIOUS DEFENDANTS' (1) OBJECTION TO PARTIAL SUMMARY JUDGMENT ORDER [ECF NO. 47-1]; (2) MOTION FOR RULE 54(B) CERTIFICATION [ECF NO. 48-1]; (3) MOTION FOR DE NOVO REVIEW OF PARTIAL SUMMARY JUDGMENT ORDER [ECF NO. 63]; AND (4) MOTION FOR DE NOVO REVIEW OF MOTION TO DISMISS ORDER [ECF No. 64]**

## I.    INTRODUCTION

Plaintiffs Elizabeth A. Kane, the Chapter 7 trustee in the underlying bankruptcy case commenced by Debtor Hawaii Island Air, Inc. ("Island Air" or the "Debtor"); Air Line Pilots Association, International; and Hawaii Teamsters and Allied Workers, Local 996 (collectively, "Plaintiffs") initiated an adversary proceeding in the United States Bankruptcy Court for the District of Hawaii on August 12, 2019.  *See Kane v. PaCap Aviation Finance, LLC*, AP No. 19-90027 (Bankr. D. Haw.) ("AP"), ECF No. 1.[1]  As is relevant here, Plaintiffs asserted causes of action pursuant to Hawaii's Displaced Workers Act ("DWA"), Hawai'i Revised Statutes ("HRS") ch. 394B, and the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101.  *See* AP ECF No. 1 at 81–94.  In general, Plaintiffs allege that Island Air failed to give its employees proper notice prior to closing and failed to pay its employees the wages it owed. *See id.* at 81–87.

---

[1]  The Court cites to filings in the adversary proceeding as "AP ECF No. __."

Before the Court are various motions seeking de novo review of two interlocutory Bankruptcy Court orders.  The two orders are the Bankruptcy Court's (1) Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment ("MSJ Order"), *see* AP ECF No. 394, and (2) Order Denying Ellison Defendants' Motion to Dismiss ("MTD Order"), *see* AP ECF No. 60. Different groups of Defendants pursue de novo review of the orders under distinct procedural mechanisms.

PaCap Aviation Finance LLC ("PAF"), Malama Investments LLC ("MIL"), Jeffrey Au ("Au"), the Jack Chuck She Tsui Trust ("Tsui Trust"), and PaCap Management Holdings LLC (collectively, the "Malama-Related Defendants")[2] filed an Objection to the MSJ Order  ("Objection"), ECF No. 47-1, and a Motion for Federal Rule of Civil Procedure 54(b) Certification of the MSJ Order ("Rule 54(b) Motion"), ECF No. 48-1.

Ohana Airline Holdings, LLC ("Ohana"); Lawrence Investments LLC; the Lawrence J. Ellison Revocable Trust (the "Ellison Trust"); Carbonview, LLC;[3] Paul Marinelli; and Lawrence J. Ellison (collectively, the "Ohana-Related

---

[2]  The Court uses the Bankruptcy Court's designations for the groups of Defendants.

[3]  This party is sometimes identified as Carbonview Limited, LLC in the proceedings.

Defendants")[4] move for de novo review of the MTD Order, *see* ECF No. 64, and the MSJ Order, *see* ECF No. 63, (collectively, "De Novo Review Motions"). The Court collectively refers to the four pending motions from both sets of Defendants as the "Motions for Review."

For the following reasons, the Court DENIES the Motions for Review.

## II.   BACKGROUND

The Court foregoes a detailed recitation of the facts both because the underlying facts are not particularly relevant to the instant motions and because the parties are familiar with the case. It suffices to say that Island Air was an airline that shut down and filed for bankruptcy. Its former employees — and the bankruptcy trustee — now seek recompense under the DWA and WARN Act from various investors in relation to the shuttering of the airline.

The procedural posture of the case, however, merits some discussion. Plaintiffs initiated this adversary proceeding in Bankruptcy Court on August 12, 2019 and requested a jury trial. *See* AP ECF No. 1-1. On October 23, 2019, Judge Faris transmitted his recommendation to the Court to withdraw the reference to Bankruptcy Court for the limited purpose of scheduling a jury trial before a district judge. *See* ECF No. 1-2 at 1–2. Judge Faris further recommended:

---

[4] In its MTD Order, the Bankruptcy Court called the Ohana-Related Defendants, "the Ellison Defendants." *See* AP ECF No. 60.

4

> [T]hat to facilitate a prompt resolution of this matter, the district court continue to refer the matter to me for all other purposes until ninety days prior to the trial date, including setting and adjusting deadlines for discovery and filing motions to join parties, amend the complaint, compel discovery, *as well as motions to dismiss and for summary judgment.*

*Id.* at 2 (emphasis added). The Court directed the parties to file any objections to Judge Faris's recommendation, *see* ECF No. 5, and there being no objections, adopted the recommendation, *see* ECF No. 6. Thus, all pre-trial matters proceeded in Bankruptcy Court until the United States District Court for the District of Hawaii withdrew the reference on February 8, 2022 — 90 days before the then-scheduled May 9, 2022 trial date. *See* ECF No. 37 (withdrawal of reference); ECF No. 32 (Third Amended Rule 16 Scheduling Order).

While the case proceeded in Bankruptcy Court, Judge Faris disposed of motions the parties filed. Relevant here, the Ohana-Related Defendants filed a motion to dismiss in October 2019. *See* AP ECF No. 23. The Bankruptcy Court largely denied the motion in its MTD Order. *See* AP ECF No. 60.

Two years later, in October 2021, Plaintiffs moved for partial summary judgment. *See* AP ECF No. 309. Plaintiffs first sought a determination that the DWA applied to various Defendants as owners of or for having a controlling

interest in Island Air.[5]  *See id.* at 27–32.  Plaintiffs also moved the Bankruptcy Court to preclude Defendants from pursuing certain affirmative defenses under the DWA and the WARN Act.  *See id.* at 32–38.  After extensive briefing, the Bankruptcy Court issued its MSJ Order on January 13, 2022.  *See* AP ECF No. 394.

The Bankruptcy Court granted in part and denied in part Plaintiffs' motion for partial summary judgment.  *See generally id.*  It concluded that PAF and MIL "owned" the Debtor within the meaning of the DWA because although each owned only a 1/3 stake in the Debtor and had the power to elect only one of three directors, the two entities "acted in unison in all respects under the direction of Mr. Au."  *Id.* at 11.  According to the Bankruptcy Court, PAF and MIL thereby formed a group that "had enough sway over the Debtor's affairs to qualify as an 'owner.'"  *Id.*

Conversely, the Bankruptcy Court concluded that it could not determine as a matter of law that Ohana and the Ellison Trust "owned" Island Air because they only owned 1/3 of Island Air's stock and could only elect one of the three

---

[5]  The DWA provides:  "An employer in a covered establishment shall provide to each employee and the director written notification of a closing, divestiture, partial closing, or relocation at least sixty days prior to its occurrence."  HRS § 394B-9(a).  The DWA defines "employer" as "any individual or entity that, directly or indirectly, owns, operates, or has a controlling interest in a covered establishment," but does not separately define "owns" or "controlling interest."  HRS § 394B-2.

directors. *Id.* at 12.  The Bankruptcy Court, however, reasoned that there were factual questions about the extent to which Ohana and the Ellison Trust had heightened influence over Island Air or acted in concert with the Malama-Related Defendants, such that a factfinder may conclude that they "owned" the airline.  *Id.* Further, the Bankruptcy Court granted Plaintiffs' motion as to PAF, MIL, the Tsui Trust, and Au being employers under the DWA because they had a "controlling interest" in the Debtor.  *See id.* at 13.  The Bankruptcy Court reasoned that these entities had the power to elect two of the three directors and always acted in concert.  *Id.*

Turning to the affirmative defenses, the Bankruptcy Court held that the so-called "Divestiture Exception" to the DWA did not apply, thus granting Plaintiffs' motion.  *See id.* at 13–14.  Judge Faris also held that the Defendants could not avail themselves of the WARN Act's "Faltering Business" and "Unforeseeable Circumstances" defenses.  *See id.* at 15–17.  As to the "Good Faith" defense, the Bankruptcy Court concluded that factual disputes precluded Plaintiffs' motion for summary judgment.  *See id.* at 17–18.  Judge Faris entered the MSJ Order on January 13, 2022.  *See* AP ECF No. 394-1.

Defendants then sought to challenge the MSJ Order but pursued different paths to do so.  The Ohana-Related Defendants filed a new action in this Court and moved for leave to appeal the MSJ Order pursuant to 28 U.S.C. § 158(a) and Rules

8001 and 8004 of the Federal Rules of Bankruptcy Procedure ("Interlocutory

Appeal Motion").  *See* AP ECF No. 400 at 3–4; *Lawrence Invs., LLC v. Air Line*

*Pilots Ass'n, Int'l*, Civil No. 22-00045 JAO-RT (D. Haw.).[6]

The Malama-Related Defendants meanwhile filed two alternative motions in

the Bankruptcy Court on January 27, 2022.  First, they filed their Objection to the

MSJ Order.  *See* AP ECF No. 401; *see also* ECF No. 47-1.  In it, they treat the

MSJ Order as findings of facts and conclusions of law ("FOFCOL"), which

bankruptcy courts enter in non-core proceedings as articulated in 28 U.S.C. §

157(c)(1).  *See* ECF No. 47-1 at 7–8; *see also* 28 U.S.C. § 157(c)(1) ("A

bankruptcy judge may hear a proceeding that is not a core proceeding but that is

otherwise related to a case under title 11.  In such proceeding, the bankruptcy

judge shall submit proposed findings of fact and conclusions of law to the district

court, and any final order or judgment shall be entered by the district judge after

considering the bankruptcy judge's proposed findings and conclusions and after

reviewing de novo those matters to which any party has timely and specifically

objected.").  Under Rule 9033 of the Federal Rules of Bankruptcy Procedure

("FRBP"), parties may then object to an FOFCOL, which the Malama-Related

Defendants purport to do in their Objection.  *See* ECF No. 47-1 at 7–8; *see also*

---

[6] A separate order filed in *Lawrence Investments* addresses the Interlocutory
Appeal Motion.

FRBP 9033(b) ("Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection.").

The Malama-Related Defendants challenged two aspects of the MSJ Order: that they (1) "owned" and (2) had a "controlling interest" in the Debtor within the meaning of the DWA.  ECF No. 47-1 at 7.  Alternative to the Objection, the Malama-Related Defendants moved the Bankruptcy Court to certify the MSJ Order pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b)[7] so that they could appeal the ruling.  *See* AP ECF No. 403 at 3–4; *see also* ECF No. 48-1 at 3–4.  In what may have been a quirk of timing, the referral to the Bankruptcy Court ended before Plaintiffs' deadline to respond to the Objection or the Rule 54(b) Motion. *See* ECF No. 37; FRBP 9033(b) (14-day limit for responses to objections). Plaintiffs thus filed their responses here.  *See* ECF No. 45 (response to Objection); ECF No. 46 (response to Rule 54(b) Motion).

In addition to their Interlocutory Appeal Motion, the Ohana-Related Defendants also attempted to challenge the MSJ Order here and filed a motion for de novo review.  *See* ECF No. 43.  They also filed a similar motion challenging the

---

[7] Rule 54(b) of the FRCP is made applicable to this proceeding by FRBP 7054(a).

Bankruptcy Court's MTD Order.  *See* ECF No. 41.  However, the Ohana-Related Defendants failed to hold a pre-filing conference with Plaintiffs in violation of the District of Hawaii's Local Rule of Practice 7.8 and the Court struck the filings without prejudice to Defendants' refiling the motions after engaging in a conference.  *See* ECF No. 58.  After the required conference,[8] the Ohana-Related Defendants filed the De Novo Review Motions.  *See* ECF Nos. 63, 64.  In their motion challenging the MSJ Order, the Ohana-Related Defendants assert that the Bankruptcy Court erred regarding the applicability of certain affirmative defenses, in defining "owns" under the DWA, and in failing to address whether the union plaintiffs had standing.  *See* ECF No. 63-1 at 11.  The Court ordered Plaintiffs to file one consolidated response to the De Novo Review Motions addressing whether de novo review is available and proper at this stage of the proceeding.  *See* ECF No. 67.  Plaintiffs filed their response, *see* ECF No. 70, and the Ohana-Related Defendants filed a reply, *see* ECF No. 74.

The Court elects to decide the instant motions without a hearing.  *See* LR7.1(c).

---

[8]  The Ohana-Related Defendants filed a nine-page statement of compliance with Local Rule 7.8, *see* ECF No. 65, which Plaintiffs contend includes improper argumentation and inaccurate characterizations of Plaintiffs' positions, *see* ECF No. 76 at 3–4.  The Court recognizes that it is a relative newcomer to the frenzy of this case, but reminds the parties to remain civil and to avoid improper gamesmanship; the Court does not look well upon anything less.

## III.   DISCUSSION

### A.   The Malama-Related Defendants' Are Not Entitled To Object To The MSJ Order Because It Is Interlocutory

As mentioned above, the Malama-Related Defendants attempt to object to the MSJ Order pursuant to FRBP 9033(b).  Plaintiffs argue that the Malama-Related Defendants are not entitled to de novo review of the MSJ Order because the order is interlocutory and not subject to the FRBP 9033 procedure.  *See* ECF No. 45 at 9–11.[9]  The Court concludes that the Malama-Related Defendants' reliance on FRBP 9033 is misguided and thus denies the Objection.

Bankruptcy judges may hear "non-core" bankruptcy proceedings.  *See* 28 U.S.C. § 157(c)(1).  There is no dispute that the MSJ Order addressed non-core matters.  *See* ECF No. 47-1 at 7–8; ECF No. 45 at 9–10.  But bankruptcy judges lack authority to enter final orders or judgment in such proceedings.  *See* 28 U.S.C. § 157(c)(1).  Instead, in non-core proceedings:

> [T]he bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and *any final order or judgment* shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

---

[9]  Plaintiffs also argue that the Objection is procedurally improper, *see* ECF No. 45 at 11–12, and that even if the Court entertained de novo review it should certify the state law questions to the Hawaiʻi Supreme Court, *id.* at 13–14, or overrule the Objection, *id.* at 14–18.

*Id.* (emphasis added).  If a party wishes to object to the bankruptcy court's proposed findings and conclusions, FRBP 9033 articulates the procedure and the district court's role.  *See* FRBP 9033.

The plain language of 28 U.S.C. § 157(c) thus creates a distinction between final and interlocutory orders.  While a bankruptcy court must submit the proposed findings and conclusions on matters that necessitate entry of a final order or judgment, it has the authority to enter interlocutory orders without submitting the issue to the district court.  *See Elkins v. X-Alpha Int'l, Ltd. (In re Kennedy)*, 48 B.R. 621, 622 (Bankr. D. Ariz. 1985) ("[O]nly 'final orders' need be entered in noncore proceedings by the Article III Court," and "bankruptcy interlocutory orders in noncore proceedings need not be submitted to District Court." (citing 28 U.S.C. § 157(c)(1)) (other citations omitted)); *see also Schoenmann v. Torchia (In re Synergy Acceptance Corp.)*, No. C–14–4891 MMC, 2015 WL 3958155, at *2 (N.D. Cal. June 29, 2015) ("A bankruptcy court hearing a non-core proceeding may . . . enter 'interlocutory decisions and orders on non-core issues,' and such decisions and orders 'need not be submitted to the district court[.]'"); *One-Eighty Invs., Ltd. v. First Int'l Bank of San Antonio, N.A. (In re One-Eighty Invs., Ltd.)*, 72 B.R. 35, 36–37 (N.D. Ill. 1987) (striking objection to bankruptcy court's denial of motion for summary judgment because it was interlocutory); *cf. O'Toole v. McTaggart (In re Trinsum Grp., Inc.)*, 467 B.R. 734, 741–42 (Bankr. S.D.N.Y.

12

2012) (holding that bankruptcy court need not enter FOFCOL at the time it renders an interlocutory decision).

In their Objection, the Malama-Related Defendants fail to confront the distinction between interlocutory and final orders for the purposes of the FRBP 9033(b) de novo review procedure.  *See generally* ECF No. 47-1.  Instead, they repeat that they did not consent to the Bankruptcy Court entering final orders on non-core matters.  *See id.* at 10–11.  The Court need not address whether they consented, however, because the Malama-Related Defendants never argue that the MSJ Order is a final order, and the Court concludes that it is not.  *See generally id.*

The MSJ Order is interlocutory because it does not dispose of all of Plaintiffs' claims.  *See In re Trinsum Grp., Inc.*, 467 B.R. at 741 ("[O]rders granting summary judgment as to some or not all claims are generally regarded as interlocutory." (citation omitted)); *see also Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (B.A.P. 9th Cir. 2001) ("[W]e hold that finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291." (citation omitted)); *id.* at 856–57 ("It is long-settled that a grant of partial summary judgment without a Rule 54(b) certification is interlocutory and not within an appellate court's jurisdiction over final orders." (citation omitted)).  Plaintiffs only moved for *partial* summary judgment.  *See* AP ECF No. 309.

13

Further, the Bankruptcy Court in part denied Plaintiffs' motion. *Cf. In re Synergy Acceptance Corp.*, 2015 WL 3958155, at *2 (noting that orders denying summary judgment are interlocutory).

Even the substance of the MSJ Order demonstrates its interlocutory nature. The MSJ Order granted Plaintiffs' motion as to whether certain of the Malama-Related Defendants were "employers" under the DWA, *see* AP ECF No. 394 at 12––13, but did not explicitly conclude that those Defendants were liable for violations of the DWA. And, although not dispositive, the Malama-Related Defendants recognize that the MSJ Order is interlocutory in their Rule 54(b) Motion, *see* ECF No. 48-1 at 6, 8, and the Ohana-Related Defendants concede the same in their De Novo Review Motions, *see* ECF No. 63-1 at 8; ECF No. 64-1 at 7.

Other features of the ongoing proceeding indicate that the MSJ Order was interlocutory. First, Judge Faris did not style the order as an FOFCOL. Further, the referral to the Bankruptcy Court explicitly stated that Judge Faris would retain the matter for motions of summary judgment. *See* ECF No. 1-2 at 2. To grant the Malama-Related Defendant's Objection would thus require the Court to (1) ignore the requirements of FRBP 9033 and treat the MSJ Order as something that it is not, and (2) contradict its own referral at the expense of judicial economy.

It is true that at least one district court has granted the type of review Defendants seek in this case. In *In re Synergy Acceptance Corporation*, a Northern

14

District of California court granted de novo review of "two orders granting summary judgment in favor of defendants as to some of the Trustee's claims." *See In re Synergy Acceptance Corp.*, 2015 WL 3958155, at *3–4. The court treated the bankruptcy judge's "Certification of Readiness" as the FOFCOL. *Id.* at *4. In deciding to undertake de novo review of the grants of summary judgment, the court reasoned that "[a]n order granting summary judgment ordinarily would be considered a final disposition as to any claim so decided and, consequently, would be subject to de novo review in the district court." *Id.* at *3. The court also rejected the defendants' argument that de novo review was improper because some of the trustee's claims remained for trial, concluding that the policy against "piecemeal litigation" would not be served. *Id.* at *3–4. Conversely, the court denied de novo review of an order granting the defendants leave to amend, an order denying the trustee's motion for summary judgment, and any order "striking evidence offered solely to support such motion for summary judgment." *Id.* at *3.

But the Northern District of California case is not binding on the Court and is otherwise distinguishable. As far as the Court can tell, the bankruptcy judge's summary judgment order in *In re Synergy Acceptance Corporation* fully disposed of some of the trustee's claims. *See id.*; *see also Schoenmann v. Torchia (In re Synergy Acceptance Corp.)*, No. C–14–4891 MMC, 2015 WL 6085304, at *8 (N.D. Cal. Oct. 16, 2015) (agreeing with bankruptcy judge upon de novo review

15

that defendants were entitled to summary judgment on some of the counts in trustee's complaint).  Here, however, the Bankruptcy Court did not explicitly dispose of any of Plaintiffs' claims.  *See generally* AP ECF No. 394; *see also* ECF No. 70 at 7 (Plaintiffs' concession that neither the MSJ Order nor MTD Order decided whole claims).  Additionally, the conclusion in *In re Synergy Acceptance Corporation* that grants of partial summary judgment "would be considered a *final disposition* as to any claim so decided," 2015 WL 3958155, at *3 (emphasis added), discounts that 28 U.S.C. § 157(c)(1) uses the terms "final order or judgment."  And, "Congress' use of the familiar legal expression 'final order' connotes its intent that the words be given their usual legal meaning and bankruptcy interlocutory orders in noncore proceedings need not be submitted to District Court."  *In re Kennedy*, 48 B.R. at 622 (citations omitted).  Further, that Congress has provided an explicit mechanism by which parties may challenge interlocutory bankruptcy court orders suggests that the FRBP 9033(b) procedure is limited to final orders or orders that require entry of judgment.  *See* 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.").

Thus, the Court concludes that because the MSJ Order is interlocutory, the Malama-Related Defendants are not entitled to de novo review.

## B. The Malama-Related Defendants' Rule 54(b) Motion Fails For Lack Of Certification

As an alternative to their Objection, and "out of an abundance of caution . . . . to protect themselves should it be determined that [FRBP] 9033 is not applicable," the Malama-Related Defendants moved the Bankruptcy Court for certification pursuant to FRCP 54(b) so that it could appeal the MSJ order to this Court.  ECF No. 48-1 at 3–4.  The Rule 54(b) Motion remained pending when the referral to the Bankruptcy Court ended.  Plaintiffs opposed the Rule 54(b) Motion here.  *See* ECF No. 46.  The Rule 54(b) Motion is somewhat odd in that it asks the Court to apply a procedure that does not match the posture of this proceeding.  The Rule 54(b) Motion fails for various reasons.

Crucially, the Malama-Related Defendants never obtained certification from the Bankruptcy Court.  FRCP 54(b) provides:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

17

FRCP 54(b).  "Rule 54(b) is applied in a mechanical manner[.]"  *See In re Belli*, 268 B.R at 855.  Under FRCP 54(b), the Bankruptcy Court would have needed to direct entry of judgment and find that there is no just reason for delay.  *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980).  "Without a Rule 54(b) certification, orders granting partial summary judgment are non-final."  *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981).  Thus, because there is no FRCP 54(b) entry of judgment from the Bankruptcy Court, the Malama-Related Defendants' Rule 54(b) Motion fails.  Additionally, the Bankruptcy Court did not "expressly determine[] that there is no just reason for delay."  FRCP 54(b); *see In re Belli*, 268 B.R at 856 ("If there is no Rule 54(b) certification, then the order is interlocutory, and appellate jurisdiction depends upon whether the appellate court grants leave to appeal under 28 U.S.C. § 158(a)(3).").[10]

Granted, the Malama-Related Defendants seem to recognize a tension that their request creates — a tension that represents why the Rule 54(b) Motion makes little sense.  The Malama-Related Defendants assert that the Rule 54(b) Motion

---

[10]  To the extent the initial FRCP 54(b) analysis is before the Court rather than the Bankruptcy Court — which would not make sense because if the Court were to certify the issue, the Malama-Related Defendants' appeal would be to the Ninth Circuit — the Malama-Related Defendants have failed to demonstrate that there is a final adjudication of any claim and that there is no just reason for delay.  *See Curtiss-Wright Corp.*, 446 U.S. at 10 ("[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely."); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (citing *id.*).

does not constitute consent for the Bankruptcy Court to enter final orders, *see* ECF No. 48-1 at 3, but in order to obtain the required certification under FRCP 54(b), the Bankruptcy Court must first "direct entry of a final judgment as to" one of the claims. *See id.* at 7 (quoting FRCP 54(b)). *In re Trinsum Group, Inc.* addresses the catch-22:

> [E]ntering a partial judgment under Rule 7054 assumes the authority of the bankruptcy court to enter a final order or judgment, *something the bankruptcy court cannot do, absent consent, in non-core matters* or core matters as to which a bankruptcy judge cannot enter a final order or judgment consistent with Article III.

*In re Trinsum Grp., Inc.*, 467 B.R at 741 (emphasis added). Thus, FRCP 54(b) may provide an avenue for immediate review for parties that have consented to the Bankruptcy Court's authority to enter final orders. *See id.* at 741–42 ("And although Rule 7054 permits entry of a final judgment as to fewer than all claims or parties, a partial judgment could not be entered with respect to the claims asserted against the Non-Consenting Defendants; a partial judgment could be and was entered with respect to the claims against the Consenting Defendants."). In short, if the Bankruptcy Court lacked consent to enter a final order, the Malama-Related Defendants ask for something it could not give.

The Court denies the Rule 54(b) Motion.

**C.**    **The Ohana-Related Defendants Are Not Entitled To De Novo Review And The Court Declines To Exercise Discretion To Review**

The Ohana-Related Defendants seek de novo review under a different theory.  Rather than relying on the FRBP 9033(b) objection procedure or seeking FRCP 54(b) certification, they cite to the FRCP 54(b) provision that allows courts to revise certain interlocutory orders.  *See* ECF No. 63-1 at 9; FRCP 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  They argue that now that the reference to the Bankruptcy Court has ended, the Court should review the MTD and MSJ Orders de novo.  ECF No. 63-1 at 9–11.  The Ohana-Related Defendants admit that under their theory, the Court's decision of whether to review an interlocutory order is discretionary.  *See* ECF No. 74 at 3 n.1.  The Court declines to exercise any such discretion and denies the De Novo Review Motions.[11]

The Ohana-Related Defendants have failed to direct the Court to any case in which a district judge revised a bankruptcy judge's interlocutory order pursuant to

---

[11]  To the extent the Ohana-Related Defendants *are* relying on FRBP 9033, their efforts fail for the same reasons as the Malama-Related Defendants' Objection. The Ohana-Related Defendants also failed to object to either the MTD or MSJ Orders within the required 14-day deadline.  *See* FRBP 9033(b).

FRCP 54(b), let alone that the district judge's review would then be de novo. The Ohana-Related Defendants' contention that FRCP 54(b) applies assumes that the MSJ and MTD Orders are in effect orders issued by *this* Court. In other words, the Ohana-Related Defendants contend that any discretion Judge Faris would have had to reconsider his rulings under FRCP 54(b) transferred to this Court at the end of the referral to the Bankruptcy Court. This would mean that after the reference to the bankruptcy court ended, a district judge could revisit any previously entered order pursuant to FRCP 54(b). This may well be the case — though the existence of the review procedures set forth in FRBP 9033 and 28 U.S.C. § 158(a)(3) could suggest otherwise — but the Court need not decide the issue. For the purpose of the De Novo Review Motions, the Court will assume without deciding that it has discretion under FRCP 54(b) to revise the orders.

"Prior to the entry of final judgment in a case, a district court has the inherent, plenary power to revise an interlocutory order." *White v. Sabatino*, Civ. Nos. 04–00500 ACK/LEK, 05–00025 ACK/LEK, 2007 WL 2462634, at *3 (D. Haw. Aug. 24, 2007) (citing FRCP 54(b) (footnote omitted)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001). And while the power to revise is plenary, there is some question about when a court should disturb an earlier ruling. For example, the "law of the case" doctrine "does not impinge upon a district court's *power* to reconsider its own

21

interlocutory order provided that the district court has not been divested of jurisdiction over the order." *Santa Monica Baykeeper*, 254 F.3d at 888 (citing *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986)) (emphasis added). But, on the other hand, "the orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain. This policy is served by the doctrine of law of the case, which counsels against reopening questions once resolved in ongoing litigation." *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citation omitted). District courts have recognized that policy concerns may govern when to reconsider a prior decision pursuant to FRCP 54(b). *See Hawkins v. SimplexGrinnel, L.P.*, Case No.: 12cv1406-MMA (BGS), 2017 WL 6344798, at *2–3 (S.D. Cal. Dec. 12, 2017) (reviewing development of law of the case doctrine in Ninth Circuit); *see also Schmitz v. Asman*, No. 2:20-cv-00195-JAM-CKD PS, 2021 WL 5414287, at *1–2 (E.D. Cal. Nov. 19, 2021) (noting that the Ninth Circuit has not articulated a standard and that the Eastern District of California employs the FRCP 59 and 60 standards). This District's local rules articulate that "[M]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact."

LR60.1.  The local rules do not, however, limit the Court's authority to grant relief. *See White*, 2007 WL 2462634, at *3–4.

The Court declines to exercise any discretion it has to reconsider the Bankruptcy Court's orders pursuant to Rule 54(b).  To do so would vitiate the purpose of the referral to the Bankruptcy Court in the first place, which was to "facilitate a prompt resolution of this matter."  ECF No. 1-2 at 2.  In other words, the point of referring the matters to the Bankruptcy Court was to maximize judicial efficiency.  Re-opening every interlocutory order that dissatisfies one of the parties, to put it mildly, does not serve that purpose.

Additionally, the referral was explicit that motions to dismiss and motions for summary judgment would be addressed by the Bankruptcy Judge.  *See* ECF No. 1-2 at 2; ECF No. 6 at 2 (adopting Judge Faris's recommendation).  None of the Defendants objected to the Bankruptcy Judge's recommendation that he handle motions for summary judgment.  *See id.* at 2.  They cannot now be surprised that the Bankruptcy Judge ruled on the motions, and that those rulings would apply.  Allowing them to relitigate the motions now, just because they are disappointed with the outcomes, would be an affront to the purpose of the referral and would give the Ohana-Related Defendants a second bite at the apple.

Further, the only reason that this case is now before the Court was the automatic expiration of the referral 90 days prior to the now-changed trial date.  If

the trial had been continued before, the parties would still be before the Bankruptcy Judge.  And, as the Ohana-Related Defendants know, there is a clear mechanism for seeking review of a bankruptcy judge's interlocutory order.  *See Lawrence Invs.*, Civil No. 22-00045 JAO-RT, ECF No. 1-1 (Interlocutory Appeal Motion).

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motions for Review.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, April 20, 2022.



Jill A. Otake
United States District Judge

---

CIV. NO. 19-00574 JAO-RT; *Kane, et al. v. PaCap Aviation Fin., LLC, et. al.*; ORDER DENYING VARIOUS DEFENDANTS' (1) OBJECTION TO PARTIAL SUMMARY JUDGMENT ORDER [ECF NO. 47-1]; (2) MOTION FOR RULE 54(B) CERTIFICATION [ECF NO. 48]; (3) MOTION FOR DE NOVO REVIEW OF PARTIAL SUMMARY JUDGMENT ORDER [ECF NO. 63]; AND (4) MOTION FOR DE NOVO REVIEW OF MOTION TO DISMISS ORDER [ECF No. 64]