IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. KANE, Bankruptcy Trustee, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>PACAP AVIATION FINANCE, LLC, *et al.*,<br><br>　　　　　Defendants. | CIV. NO. 19-00574 JAO-RT<br><br>U.S. Bankruptcy Court – Hawaii Case No. 17-01078 (Chapter 7)<br><br>Adversary Proceeding No. 19-90027 |
| In re<br><br>HAWAII ISLAND AIR, INC.,<br><br>　　　　　Debtor. | CIV. NO. 20-00246 JAO-RT<br>(CONSOLIDATED CASE)<br><br>U.S. Bankruptcy Court – Hawaii Case No. 17-01078 (Chapter 7) |
| ELIZABETH A. KANE, Bankruptcy Trustee,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>PACAP AVIATION FINANCE, LLC, et al.,<br><br>　　　　　Defendants. | Adversary Proceeding No. 19-90049<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT CHRISTOPHER GOSSERT'S MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5** |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT CHRISTOPHER GOSSERT'S MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5**

On September 14, 2023, Defendant Christopher Gossert ("Defendant Gossert") filed a *Motion for Approval of Good Faith Settlement Pursuant to HRS § 663-15.5* ("Motion") and requested that the court issue an order determining that the *Settlement Agreement and Mutual Release* (ECF No. 423 at PageID.20299) ("Settlement") between Plaintiffs Elizabeth A. Kane, Bankruptcy Trustee, Air Line Pilots Association, International, Hawaii Teamsters and Allied Workers, Local 996 (collectively "Plaintiffs") and Defendant Gossert was made "in good faith and is a fair and reasonable settlement within the meaning of Hawaii Revised Statutes [("Haw. Rev. Stat.")] § 663-15."  ECF No. 423 at PageID.20280-20281.

The *Motion* came on for a telephonic hearing on December 7, 2023 before the Honorable Rom Trader.  Attorney Nickolas A. Kacprowski appeared on behalf of the Plaintiffs; attorney David Farmer appeared on behalf of Defendant Gossert; attorney Alan Van Etten also appeared on behalf of Defendant Gossert; attorney Christopher J. Muzzi appeared on behalf of Defendants Lawrence Investments, LLC, Lawrence J. Ellison Revocable Trust, Ohana Airline Holdings, LLC, Carbonview Limited, LLC, Paul Marinelli, and Lawrence J. Ellison; attorneys Peter W. Ito and Nenad Krek appeared on behalf of Defendants PaCap Aviation Finance, LLC, PacificCap Investment Management, LLC, Malama Investments, LLC, Snowbiz Ventures, LLC, PaCap Management Solutions, LLC, PaCap Advisors, LLC, Jeffrey Au, Jack Tsui, and Jack Chuck She Tsui Trust; and

attorney Scott Kubota appeared on behalf of Third Party Defendant David Uchiyama.

After careful consideration of the *Motion*, parties' submissions, records in this case and applicable law, the Court **FINDS** that based upon the totality of circumstances, the *Settlement* was made in good faith under Haw. Rev. Stat. § 663-15.5 and **RECOMMENDS** that the *Motion* be **GRANTED**.

## BACKGROUND

Defendant Gossert was briefly the Director of Finance of Hawaii Island Air, Inc. ("Island Air") from approximately May 2017 until November 2017, and served as a member of the board of directors for approximately two months before Island Air's shutdown.  ECF No. 423 at PageID.20284 & 20299.  Plaintiffs initiated this action in the United States Bankruptcy Court for the District of Hawaii, and this case was later withdrawn to the United States District Court for the District of Hawaii.  *Id*. at 20299.  Other defendants have filed cross-claims against Defendant Gossert.  *Id*.

Plaintiffs and Defendant Gossert entered into a *Settlement* and agreed that Defendant Gossert would pay Plaintiffs a total of $50,000 and "a promise to seek to recover . . . $1,102,644.30, of the interpleaded proceeds of an insurance policy issued by QBE Specialty Insurance Company ("QBE"), and then to pay that amount to [Plaintiffs]."  ECF No. 423 at PageID.20300-20301; ECF No. 655 at

PageID.28294-28295.  This payment is contingent on Defendant Gossert obtaining this amount from the interpleader funds through litigation or settlement.  *Id*. at PageID.20300-20301.  Pursuant to the *Settlement*, Defendant Gossert may not enter into a settlement regarding the interpleader action (Adversary Proceeding No. 22-90006; Civ. No. 22-00450 SOM-KJM) without Plaintiffs' written consent. ECF No. 423 at PageID.20301.  Any settlement amount from the interpleader shall be reduced by Defendant Gossert's attorneys' fees and costs, with a cap of $120,000, incurred in the litigation of pursuing the interpleader action.  *Id*. at 20301-20302.

After the *Settlement*, the remaining claims by and against Defendant Gossert are his cross-claims and cross-claims filed by his co-defendants: Ohana Airline Holdings, LLC, Lawrence J. Ellison, The Lawrence J. Ellison Revocable Trust, Lawrence Investments, LLC, Carbonview Limited, LLC, and Paul Marinelli (collectively "Ellison Defendants"); PaCap Aviation Finance, LLC, PaCap Management Holdings, LLC, PacifiCap Investment Management, LLC, Malama Investments, LLC, SnowBiz Ventures, LLC, PaCap Management Solutions, LLC, PaCap Advisors, LLC, PacifiCap Management, Inc., Jeffrey Au, Jack Cheuk She Tsui Revocable Living Trust, and Jack Tsui (collectively "PaCap Defendants"); and Defendant David Uchiyama.  ECF No. 423 at PageID.20284.

On September 14, 2023, Defendant Gossert filed the instant *Motion* seeking a determination that the *Settlement* was entered into in good faith.  On November

4

9, 2023, the Ellison Defendants filed a *Memorandum in Opposition to Defendant Christopher Gossert's Motion for Approval of Good Faith Settlement Pursuant to HRS § 663-15.5* ("Opposition"), arguing that the *Motion* is premature and even if the *Motion* is considered, under the totality of the circumstances, the Court should not find that the *Settlement* was made in good faith.  ECF No. 655.  On November 16, 2023, Defendant Gossert filed a *Memorandum in Reply to the [Opposition]* ("Reply").  ECF No. 663.  No other party filed a response or opposition to the *Motion*.

## DISCUSSION

Defendant Gossert requests the Court enter an order determining that the *Settlement* between Plaintiffs and Defendant Gossert:

> was made in good faith, negotiated at arm's length, and is a fair and reasonable settlement for the claims asserted in the underlying *Complaint* . . . That the settlement bars all joint tortfeasors and/or joint obligors, present and future, from asserting any claims against [Defendant] Gossert for contribution, indemnity based on comparative fault, common law indemnity, implied indemnity and/or joint obligation and/or subrogation arising out of the allegations set forth in Plaintiffs' *Complaint*.

ECF No. 423 at PageID.20281 (emphasis added).  The parties agree that the governing law is Haw. Rev. Stat. § 663-15.5.  This statute provides for "the effect of a settlement on non-settling joint tortfeasors in the context of multi-party litigation" *Troyer v. Adams*, 102 Hawaiʻi 399, 403, 77 P.3d 83, 87 (2003).  A finding of good faith:

5

>   (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.

*Cruz v. Kaumana Drive Partners, LLC*, Civ. No. 19-00255 JMS-KJM, 2021 WL 5132553, at *2 (D. Haw. Oct. 15, 2021), *report and recommendation adopted*, Civ. No. 19-00255 JMS-KJM, 2021 WL 5122162 (D. Haw. Nov. 3, 2021) (citing Haw. Rev. Stat. § 663-15.5).

The Court must consider the "totality of circumstances" when determining whether a settlement was entered into in good faith under Haw. Rev. Stat. § 663-15.5. *Troyer*, 102 Hawaiʻi at 425, 77 P.3d at 109. "The determination of good faith is left to the discretion of the trial court . . . and is not disturbed in the absence of an abuse [of discretion]." *Id.*, 102 Hawaiʻi at 422-23, 77. P.3d at 106-107 (citation omitted). The Court considers the following factors ("*Troyer* factors") in reaching a good faith settlement determination:

>   (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at

injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id.*, 102 Hawaiʻi at 427, 77 P.3d at 111.  This approach is based on the rationale that Haw. Rev. Stat. § 663-15.5 is intended to encourage settlements and the good faith provision is meant "to provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." *Id.*, 102 Hawaiʻi at 426, 77 P.3d at 110.  The *Troyer* factors are not the only factors the court may consider.  *Id.*  "[T]he Court may consider any other factor that is relevant to whether a settlement has been given in good faith." *Id.*  The Hawaii legislature, in adopting Haw. Rev. Stat. § 663-15.5, was "more interested in encouraging settlements than ensuring the equitable apportionment of liability."  *Id.*  The legislature intended to "simplify the procedures and reduce the costs associated with claims involving joint tortfeasors." *Id.* (citation omitted).  The party opposing the good faith settlement determination bears the burden of proving that the settlement was not in good faith.  Haw. Rev. Stat. § 663-15.5(b).

A.   **The Ellison Defendants Failed to Establish that the *Motion* is Premature**

The Ellison Defendants oppose the *Motion* and thus have the burden to prove that the *Settlement* was not made in good faith.  As Defendant Gossert notes, it is unclear why the Ellison Defendants are opposing the *Motion* because in light of the jury verdict, their cross-claims against Defendant Gossert are moot and any

7

setoff resulting from the *Settlement* should not affect them. ECF No. 657 at PageID.28356; ECF No. 663 at PageID.28477. The parties that are affected by the *Settlement*, including the Plaintiffs, do not oppose the *Motion*. Nevertheless, the Ellison Defendants oppose the good faith determination based on two theories: (1) the *Motion* is premature and (2) under the totality of circumstances, the Court cannot find that the *Settlement* was entered into in good faith. ECF No. 655 at PageID.28295-28296.

In arguing that the *Motion* is premature, the Ellison Defendants cite California cases for the proposition that because the setoff amount is unknown, it cannot be determined how much Plaintiff's damages claims should be reduced. *Id*. at 28300. Notably, the California courts follow the standard set forth in *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 489, 698 P.2d 159 (1985) ("Tech-Bilt"), where the court considers "whether the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *See also*, *Abbott Ford, Inc. v. Superior Ct.*, 43 Cal. 3d 858, 863, 741 P.2d 124 (1987) & *Brehm Communities v. Superior Ct.*, 88 Cal. App. 4th 730, 734, 105 Cal. Rptr. 2d 918, 921 (2001), *as modified* (May 22, 2001) (adopting the good faith standard set forth in *Tech-Bilt*). However, as Defendant Gossert indicates, "we are not in California." ECF No.

8

663 at PageID.28480. The Supreme Court of Hawaii expressly rejected the *Tech-Bilt* standard:

> [T]he legislative purpose "to simplify the procedures and reduce the costs associated with claims involving joint tortfeasors." This legislative purpose would be difficult to accomplish if we were to adopt the *Tech-Bilt* standard of good faith and require that trial courts conduct "mini-trials" in order to determine the parties' likely proportionate liability. "It [would] clog our trial courts with unnecessary hearings, discourage the settlement of legitimate claims, and severely strain the resources of the parties and the trial and appellate courts of this state." . . . We do not believe that our legislature intended that the Hawaiʻi courts adopt the California courts' definition of "good faith."

*Troyer*, 102 Hawaiʻi at 426-427, 77 P.3d at 110-111 (internal citations omitted). Accordingly, the Court does not find the Ellison Defendants' arguments persuasive as the settlement amount includes both a sum certain amount of $50,000 as well as a separate contingent amount in excess of $1,000,000. Moreover, the Ellison Defendants' arguments based upon the more restrictive standard in *Tech-Bilt* must fail based upon well-established Hawaii law. The Court thus turns to whether the *Settlement* was made in good faith under Haw. Rev. Stat. § 663-15.5.

### B. Under the Totality of Circumstances, the *Settlement* was Made in Good Faith

The Court finds that based on its consideration of the factors listed in *Troyer*, the totality of the circumstances weigh in favor of finding that the *Settlement* was made in good faith. Under the first factor, this case is indeed complex with multiple parties and various cross-claims among the defendants.

The amount of damages sought by Plaintiffs, while uncertain, clearly was in excess of $30 million.  ECF No. 655 at PageID.28297; ECF No. 663 at PageID.28483.  In addition, Defendant Gossert's fees to date and those anticipated through trial were not only substantial sums, but also were not being paid by QBE.  ECF No. 663 at PageID.28483.  Accordingly, this factor weighs in favor of finding good faith.

As to the second and sixth factors, the Ellison Defendants' position is simply that the exact value of Plaintiff's damages is not known or that there is no reasonable relationship between the *Settlement* amount and Plaintiffs' damages.  ECF No. 655 at PageID.28300-28301.  However, the Ellison Defendants have not provided any argument explaining why the *Settlement* amount tends to show that the *Settlement* may be collusive or injurious to the interest of a non-settling joint tortfeasor.  Plaintiffs explain that because Defendant Gossert's "involvement in the allegations at issue were extremely limited in time and scope compared to the non-settling defendants[,]" the second factor should weigh in favor of finding that the *Settlement* was made in good faith.  ECF No. 663 at PageID.28483.  This Court agrees.  The *Settlement* amount of $50,000 with a promise to pursue recovery of $1,102,644.30 does not tend to show that there is some sort of collusion or that the *Settlement* was not made with wrongful purpose. That Plaintiffs made the calculated choice to settle their claims against Defendant Gossert for substantially less than they may have sought individually against Defendant Gossert or

collectively from the other defendants at trial is entirely their prerogative. Accordingly, the Court finds that the second and sixth factors weigh in favor of finding good faith.

The third and fourth factors also weigh in favor of finding good faith. As Defendant Gossert notes, Plaintiffs were vigorously pursuing their claims and thus the parties were unable to reach settlement before trial. It is apparent that Defendant Gossert's cost of litigation would be significant given Plaintiffs' claims and the existing cross-claims. Further, as Defendant Gossert notes, the Ellison Defendants have stated in their *Statement Regarding Written Closing Arguments on Cross-Claims*: "[p]ursuant to the Court's directed verdict rulings and the jury's verdict, the Ellison Defendants were found not to be liable on any of the claims asserted by the Plaintiffs. As such, the Ellison Defendants' cross-claims for indemnity/contribution are currently moot." ECF No. 657 at PageID.28356; ECF No. 663 at PageID.28477. Based on these facts, the Court cannot find that the *Settlement* may have been made with some improper purpose or is collusive.

Under the fifth and eighth factors, the Ellison Defendants do not argue that Defendant Gossert's degree of fault is larger than the degree of fault of other tortfeasors or that there is some sort of relationship among the parties conducive to wrongful conduct or collusion in entering the *Settlement*. On the other hand, Defendant Gossert argues that according to the *Complaint*, his involvement is to a

lesser extent than his co-defendants and that his position "can reasonably be viewed as an afterthought compared to the Trustee's focus on Au and Marinelli." ECF No. 663 at PageID.28485.  Indeed, the Court agrees that Defendant Gossert's degree of fault has not been shown to be greater than others such that the Court would question the *Settlement* amount or find it patently unfair.  There is also no evidence of any relationship between any of the parties which would suggest that Defendant Gossert was colluding with any other party, including Plaintiffs.  Accordingly, the Court cannot find that the fifth and eighth factors weigh against the finding of good faith.

      The ninth factor provides the Court with discretion to include other evidence provided by the parties that may weigh against the finding of good faith.  The Ellison Defendants have suggested that the Court consider the fact that the amount of Plaintiffs' damages is not known and because of this, the setoff amount cannot be determined and thus, the Court cannot find that the *Settlement* is made in good faith.  ECF No. 655 at PageID.28300.  The Ellison Defendants urged this Court to follow the courts in California in adopting the proportionate liability standard under *Tech-Bilt*.  *See Troyer*, 102 Hawaiʻi at 415-416, 77 P.3d at 99-100.  However, precedent is clear that the proportionate liability standard was not adopted by the *Hawaii Supreme Court* because doing so would "clog our trial courts with unnecessary hearings, discourage the settlement of legitimate claims,

12

and severely strain the resources of the parties and the trial and appellate courts[.]" *Id.*, 102 Hawaiʻi at 427, 77 P.3d at 111.  While the Court may consider the fact that a setoff amount cannot be determined, this consideration alone cannot and does not outweigh the other factors under the totality of circumstances standard.  Moreover, the Ellison Defendants have not offered any evidence, specific or otherwise, which suggests that the settling parties were acting in bad faith in reaching the settlement.  Accordingly, under the totality of the circumstances, the Court finds that the *Settlement* was entered in good faith pursuant to Haw. Rev. Stat. § 663-15.5.

## CONCLUSION

The Court **FINDS** that based on the totality of circumstances, the Plaintiffs and Defendant Gossert entered into the *Settlement* in good faith pursuant to Haw. Rev. Stat. § 663-15.5.  The Court thus **RECOMMENDS** that the district court:

1. **GRANT** the *Motion* in that the *Settlement* was made in good faith pursuant to Haw. Rev. Stat. § 663-15.5; and

2. Find that the *Settlement* bars all joint tortfeasors and/or joint obligors, present and future, from asserting any claims against Defendant Gossert for contribution, indemnity based on comparative fault, common law indemnity, implied indemnity and/or joint obligation and/or subrogation arising out of the allegations set forth in Plaintiffs' *Complaint*.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 19, 2023.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00574 JAO-RT; *Elizabeth A. Kane, Bankruptcy Trustee vs. Pacap Aviation Finance, LLC*; Findings and Recommendation to Grant Defendant Christopher Gossert's Motion for Approval of Good Faith Settlement Pursuant to HRS § 663-15.5