IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. KANE, Bankruptcy Trustee, *et al.*,<br><br>            Plaintiffs,<br><br>       vs.<br><br>PACAP AVIATION FINANCE, LLC, *et al.*,<br><br>            Defendants. | Case No. CV 19-00574 JAO-RT<br><br>U.S. Bankruptcy Court - Hawaii Case No. 17-01078 (Chapter 7)<br><br>Adversary Proceeding No. 19-90027 |
| In re<br><br>HAWAII ISLAND AIR, INC.,<br><br>            Debtor. | Case No. CV 20-00246 JAO-RT (Consolidated Case)<br><br>U.S. Bankruptcy Court - Hawaii Case No. 17-01078 (Chapter 7)<br><br>Adversary Proceeding No. 19-90049 |
| ELIZABETH A. KANE, Bankruptcy Trustee,<br><br>            Plaintiff,<br><br>       vs.<br><br>PACAP AVIATION FINANCE, LLC, *et al.*,<br><br>            Defendants. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO OVERRULE THE AU DEFENDANTS' OBJECTIONS AND OVERRULE IN PART AND SUSTAIN IN PART CARBONVIEW LIMITED, LLC'S OBJECTIONS TO PLAINTIFFS' BILL OF COSTS (ECF NO. 905) AND ADOPTING FINDINGS AND RECOMMENDATIONS TO OVERRULE IN PART AND SUSTAIN IN PART PLAINTIFFS' OBJECTIONS TO THE ELLISON-AFFILIATED DEFENDANTS BILL OF COSTS (ECF NO. 906) |

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO OVERRULE THE AU DEFENDANTS' OBJECTIONS AND OVERRULE IN PART AND SUSTAIN IN PART CARBONVIEW LIMITED, LLC'S OBJECTIONS TO PLAINTIFFS' BILL OF COSTS (ECF NO. 905) AND ADOPTING FINDINGS AND RECOMMENDATIONS TO OVERRULE IN PART AND SUSTAIN IN PART PLAINTIFFS' OBJECTIONS TO THE ELLISON-AFFILIATED DEFENDANTS BILL OF COSTS (ECF NO. 906)**

Before the Court is Plaintiffs'[1] combined objections to portions of two of Magistrate Judge Trader's Findings and Recommendations concerning some of the parties' bills of cost. *See* ECF No. 912 ("Plaintiffs' Objections"). Plaintiffs object to aspects of (1) Findings and Recommendations to Overrule the Au Defendants'[2] Objections and Overrule in Part and Sustain in Part Carbonview Limited, LLC's Objections to Plaintiffs' Bill of Costs, ECF No. 905 ("F&R on Plaintiffs' Costs"); and (2) Findings and Recommendations to Overrule in Part and Sustain in Part Plaintiffs' Objections to the Ellison-Affiliated Defendants' Bill of Costs, ECF No. 906 ("F&R on Ellison Defendants' Costs").[3] For the following reasons, the Court

---

[1] Plaintiffs include Elizabeth A Kane, Chapter 7 Trustee of Hawaii Island Air, Inc., Air Line Pilots Association, International, and Hawaii Teamsters and Allied Workers, Local 996.

[2] Au Defendants include PaCap Aviation Finance, LLC, Malama Investments, LLC, PaCap Management Holdings, LLC, Jeffrey Au, and Jack Tsui, personally and as trustee of the Jack Cheuk She Tsui Revocable Living Trust.

[3] Ellison Defendants include Lawrence J. Ellison and Paul Marinelli, individually and as co-trustees of the Lawrence J. Ellison Revocable Trust; Ohana Airline Holdings, LLC; Lawrence Investments LLC; and Carbonview Limited, LLC ("Carbonview").

rejects Plaintiffs' Objections and ADOPTS both the F&Rs.[4]

## I. BACKGROUND

As the Court and the parties are familiar with the facts and procedural history of this case, the Court recounts only those events relevant to the disposition of the Objections.

The Court held a month-long trial in 2023, at the end of which the jury returned a verdict on the claims presented to it. *See* ECF No. 627. On May 20, 2024, the Court issued its Findings of Fact and Conclusion of Law on the remaining equitable claims in the case and entered judgment. *See* ECF No. 732 ("Initial FFCOL"). Based on the Initial FFCOL, the parties filed their Bills of Costs. *See* ECF No. 736 (Ellison Defendants' Bill of Costs); ECF No. 737 (Plaintiffs' Bill of Costs). The parties also objected to one another's Bills of Costs. *See* ECF No. 741 (Plaintiffs' Objection to Ellison Defendants' Bill of Costs); ECF No. 742 (Ellison Defendants' Objection to Plaintiffs' Bill of Costs).

Shortly after the Court issued its Initial FFCOL and entered judgment, the parties filed various post-judgment motions. *See* ECF Nos. 733, 745, 747–52. The Court resolved those motions in August 2024. *See* ECF Nos. 806–13. To reflect

---

[4] Magistrate Judge Trader issued a third F&R to Sustain Plaintiffs' Objections to Defendant PaCap Aviation Finance, LLC's bill of costs, ECF No. 907, which the Court addresses by separate order.

its rulings on the post-judgment motions, the Court issued Amended Findings of Fact and Conclusions of Law ("Amended FFCOL"), ECF No. 826, and entered an amended judgment ("Amended Judgment"), ECF No. 827.

Magistrate Judge Trader ordered the parties to supplement their respective requests relating to the Bills of Costs to address the effects, if any, of the Amended FFCOL and Judgment.  *See* ECF No. 836.  The parties responded that the Amended FFCOL and Judgment didn't really impact the parties' requests for costs.  *See generally* ECF No. 851 (Ellison Defendants' response); ECF No. 852 (Plaintiffs' response).

On March 4, 2025, Magistrate Judge Trader issued the F&Rs on the parties' respective Bills of Costs.  In the F&R on Plaintiffs' Costs—and as relevant to the instant Objections—he recommends that the Court overrule in part and sustain in part Carbonview's objections to Plaintiffs' Bill of Costs.  *See* ECF No. 905 at 2.  Ultimately, Judge Trader concluded that as between Carbonview and the Trustee, there was no prevailing party such that the Plaintiffs were not entitled to recover their costs.  *See id.* at 20–22.  To account for that finding, Judge Trader recommends reducing Plaintiffs' total taxable costs by 3%.  *See id.* at 24–25.

In the F&R on the Ellison Defendants' Costs, Judge Trader recommends that the Court overrule in part and sustain in part[5] Plaintiffs' objections to the Ellison Defendants' Bill of Costs. *See* ECF No. 906 at 2. In so recommending, he considered Carbonview separately from the remaining Ellison Defendants, and determined that the remaining Ellison Defendants were the prevailing parties against Plaintiffs. *See* ECF No. 906 at 6–8.

Plaintiffs filed their Objections on March 18, 2025. ECF No. 912. The Ellison Defendants filed their opposition to Plaintiffs' Objections on April 1, 2025. ECF No. 913. This Court elects to decide this matter without a hearing pursuant to Local Rule 7.1(d).

## II.  LEGAL STANDARD

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and

---

[5] The F&R on the Ellison Defendants' costs recommends sustaining Plaintiffs' objection to the Ellison Defendants' printing costs and reducing the amount of costs accordingly. *See* ECF No. 906 at 14–16. There are no objections to that aspect of the recommendation.

recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## III. DISCUSSION

Plaintiffs challenge the two F&Rs on different but related grounds. As to the F&R on Plaintiffs' Costs, Plaintiffs contest Judge Trader's determination that there was no prevailing party between the Trustee and Carbonview. *See* ECF No. 912 at 6–10. Instead, they argue that the Trustee should be considered the prevailing party and thus entitled to her costs. *See id.* Regarding the F&R on the Ellison Defendants' Costs, Plaintiffs challenge the conclusion that the Ellison Defendants were the prevailing party. *See id.* at 10–11. Specifically, Plaintiffs argue that Carbonview cannot be viewed as separate from the remaining Ellison Defendants, and that when considered all together, there would be no prevailing party between Plaintiffs and the Ellison Defendants (or Plaintiffs would be considered the victors). *Id.*

A.     **Objection to F&R on Plaintiffs' Costs**

Plaintiffs argue that the Trustee should be considered the prevailing party against Carbonview because the Court equitably subordinated approximately $5.5 million of Carbonview's secured debt. *See* ECF No. 912 at 6–7. The Ellison Defendants respond that the Trustee lost on every claim against Carbonview except for the Equitable Subordination Claim, and that the Trustee only partially succeeded on that claim in any event. *See* ECF No. 913 at 9–10. The Court finds that as between the Trustee and Carbonview, the outcome of the case represents a "mixed judgment," such that there is no prevailing party. Exercising its discretion, the Court thus concludes each side must bear its own costs. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996).

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A party in whose favor judgment is rendered is generally the prevailing party for purposes of [awarding costs under] Rule 54(d)." *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977); *see also* LR 54.1(a). Still, it's unnecessary "for a party to prevail on all of its claims to be found the prevailing party." *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (citing *K–2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974)). "In the event of a mixed judgment,

7

however, it is within the *discretion of a district court* to require each party to bear its own costs." *Amarel*, 102 F.3d at 1523 (emphasis added) (citation omitted).  A mixed judgment is one in which a party wins on some claims but loses on others.  *See Testa v. Village of Mundelein, Ill.*, 89 F.3d 443 (7th Cir. 1996); *see also Klune v. Palo Verde Health Care Dist.*, 761 F. App'x 751, 755–56 (9th Cir. Feb. 14, 2019) ("Out of all the claims originally filed by [plaintiff], he prevailed only on one.  In a case such as this with a mixed judgment, a district court is entitled to require that each party bear its own costs.")

This case arises from two different Adversary Proceedings in United States Bankruptcy Court for the District of Hawaii:  Nos. 19-90027 ("27 Case") and 19-90049 ("49 Case").  In the 27 Case, the Trustee asserted an Equitable Subordination Claim against Carbonview (Count XII), *see* ECF No. 1-2 ¶¶ 298–300, and a Recharacterization cause of action to reclassify Carbonview's loans to Island Air as equity (Count XIII), *see id.* ¶¶ 301–11.  The Trustee also brought Recharacterization (Count 1) and Equitable Subordination (Count 2) claims against Carbonview in the 49 Case.  *See* A.P. No. 19-90049 ECF No. 1 ¶¶ 63–85.  There, the Trustee explicitly noted that the Equitable Subordination Claim was brought in the alternative to the Recharacterization claim.  *Id.* ¶ 85.  The Trustee also asserted dozens of fraudulent-transfer-type claims against Carbonview ("Fraudulent Transfer Claims").  *See, e.g., id.* ¶¶ 224–47.

8

The Court entered judgment in favor of Carbonview and against the Trustee on all the Recharacterization and Fraudulent Transfer claims. *See* ECF No. 827 at 5. On the Equitable Subordination Claims, the Amended Judgment provides: "[T]he Court equitably subordinates . . . as to Carbonview, the two $1 million senior secured loans and the subordinated, secured $3.5 million line of credit . . . [but], the Court does not equitably subordinate the $6 million unsecured loan and the $1.5 million unsecured promissory note[.]" *Id.* at 4. Taken together, therefore, the Trustee achieved partial success on one of its claims against Carbonview. The question for the Court is whether that limited relief is significant enough to confer prevailing party status on Plaintiffs and entitle them to costs.

Plaintiffs first argue that their partial win on Equitable Subordination is significant because the Trustee succeeded in subordinating Carbonview's *secured* debt. *See* ECF No. 912 at 7–8. This fact is important according to the Trustee because the bankruptcy estate lacks sufficient funds for recovery by *unsecured* creditors—meaning that without the Court's subordination order, Carbonview may have been able to collect from the estate and may have been entitled to any proceeds the estate recovers from the judgment against the Au Defendants. *Id.*

But a couple of circumstances reduce the import of the Trustee's result on Equitable Subordination. At trial, the estate had approximately $2.2 million that it could distribute to creditors or use for administrative expenses, which suggests that

9

recovery by secured creditors would be limited regardless. ECF No. 826 ¶ 444. And the Court doubts Plaintiffs' theory that but for the Court's subordination, Carbonview may have had a claim to any proceeds the estate collects from the judgment against the Au defendants. *See* ECF No. 912 at 8. Indeed, "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a). Thus, even though Plaintiffs achieved some measure of success, they did not achieve all they asked for on even this one claim, and the real-world implications of the subordination ruling are limited.[6]

Plaintiffs' focus on the Equitable Subordination Claims also downplays the significance of the Recharacterization and Fraudulent Transfer Claims on which they lost. As noted, in the 49 Case, the Trustee sought Equitable Subordination only as an alternative to Recharacterization. A.P. No. 19-90049 ECF No. 1 ¶ 85.

---

[6] Plaintiffs over-rely on *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054 (9th Cir. 2009). *See* ECF No. 912 at 6–7. While the case articulates a lenient standard for determining prevailing party status, the underlying facts render it inapposite. The case involved a property owner who sued under the Clean Water Act to prevent spraying pesticides. *See St. John's Organic Farm*, 574 F.3d at 1057. The parties settled, whereby plaintiff dismissed his case but largely obtained the injunction he sought. *See id.* at 1061. The case does not discuss the possibility of a mixed judgment, nor address the situation here where Plaintiffs not only failed to receive all the relief they sought, but also lost on some of their claims.

10

If Plaintiffs had succeeded on their Recharacterization claims, the debt would have been reclassified as equity and Carbonview's ability to collect would have been reduced even further. Similarly, if the Trustee had succeeded on the Fraudulent Transfer claims, she could have avoided the obligations of the debtor and potentially recovered the property. *See* 11 U.S.C. §§ 548, 550. In sum, when viewing the totality of Plaintiffs' claims against Carbonview, the Court concludes that the outcome represents a mixed judgment and adopts the F&R on Plaintiffs' Costs.

**B.     Objection to F&R on the Ellison Defendants' Costs**

Plaintiffs object to the F&R on the Ellison Defendants' Costs on the ground that Carbonview and the other Ellison Defendants should be viewed as one indivisible entity, and that because there was no prevailing party between the Trustee and Carbonview, the remaining Ellison Defendants are not entitled to recover their costs. *See* ECF No. 912 at 10. The argument is borderline frivolous and requires only brief discussion. The F&R on the Ellison Defendants' Costs didn't err by declining to view the defendants as a single entity.[7]

---

[7] The F&R on the Ellison Defendants' Costs also reduced the Ellison Defendants' taxable costs by 3% to account for the fact that there was no prevailing party between Plaintiffs and Carbonview. *See* ECF No. 906 at 13.

The Court has never treated the Ellison Defendants as a single indivisible entity. To the extent the Court used defined terms like "Ellison Defendants" or "Ohana/Ellison Defendants," those were employed as shorthand for the sake of readability. Whenever the distinction between the various entities that make up the Ellison Defendants mattered, the Court specified which party it was talking about. And even if the Court viewed Carbonview as an insider, *see* ECF No. 826 ¶¶ 324, 328, it never intimated that it was indistinguishable from the other Ellison Defendants. Plaintiffs themselves treated Carbonview differently from the other Ellison Defendants in their Bill of Costs. *See* ECF No. 738 at 7 (seeking costs from Carbonview but none of the other Ellison Defendants).

Further, even if the Court lumped Carbonview in with the remaining Ellison Defendants, the Ellison Defendants would still be the prevailing party. When viewing all of Plaintiffs' claims against the Ellison Defendants together, the Ellison Defendants achieved complete success on the most significant claims in the case—including the claims under Hawaii's Dislocated Workers Act and the federal Worker Adjustment and Retraining Notification Act. *See* ECF No. 827 at 3–5.

The Court thereby rejects Plaintiffs' objection and adopts the F&R on the Ellison Defendants' Costs in full.

## IV. CONCLUSION

For the foregoing reasons, the Court rejects Plaintiffs' Objections, ECF No. 912, and ADOPTS the F&R on Plaintiffs' Costs, ECF No. 905, and the F&R on the Ellison Defendants' Costs, ECF No. 906.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, April 11, 2025.



Jill A. Otake
United States District Judge

---

Civil Nos. 19-00574 and 20-00246 JAO-RT *Kane et al. v. PaCap Aviation Finance, LLC., et al*, Order Adopting Findings and Recommendations to Overrule the Au Defendants' Objections and Overrule in Part and Sustain in Part Carbonview Limited, LLC's Objections to Plaintiffs' Bill of Costs (ECF No. 905) and Adopting Findings and Recommendations to Overrule in Part and Sustain in Part Plaintiffs' Objections to the Ellison-Affiliated Defendants Bill of Costs (ECF No. 906)