IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH A. KANE, Bankruptcy Trustee, *et al*., | Case No. CV 19-00574 JAO-RT |
| Plaintiffs, | U.S. Bankruptcy Court - Hawaii Case No. 17-01078 (Chapter 7) |
| vs. | Adversary Proceeding No. 19-90027 |
| PACAP AVIATION FINANCE, LLC, *et al*., | |
| Defendants. | |
| In re | Case No. CV 20-00246 JAO-RT (Consolidated Case) |
| HAWAII ISLAND AIR, INC., | |
| Debtor. | U.S. Bankruptcy Court - Hawaii Case No. 17-01078 (Chapter 7) |
| ELIZABETH A. KANE, Bankruptcy Trustee, | Adversary Proceeding No. 19-90049 |
| Plaintiff, | ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (ECF NO. 940) |
| vs. | |
| PACAP AVIATION FINANCE, LLC, *et al*., | |
| Defendants. | |

**ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (ECF NO. 940)**

On October 6, 2025, Magistrate Judge Rom Trader issued Findings and Recommendations to Grant in Part and Deny in Part Plaintiffs'[1] Motion for Attorneys' Fees ("F&R").  ECF No. 940.  The F&R recommends the Court enter an award for the Plaintiffs against the Au Defendants[2] for $2,206,850.81 in total attorneys' fees and $1,170,242.20 in costs.  Before the Court now are both sides' objections to the F&R.  *See* ECF No. 941 ("Plaintiffs' Objections"); ECF No. 942 ("Au Defendants' Objections," and collectively with Plaintiffs' Objections, the "Objections").

For the following reasons, the Court ADOPTS the F&R as MODIFIED herein.  While the Court adopts the F&R with only minor modifications as to the fees and costs sought under Counts I and III, the Court diverges from the F&R and concludes that Plaintiffs are not entitled to fees for Count VI.

---

[1]  Plaintiffs are Elizabeth A Kane, Chapter 7 Trustee of Hawaii Island Air, Inc. ("Trustee"); Air Line Pilots Association, International ("ALPA"); and Hawaii Teamsters and Allied Workers, Local 996 ("Teamsters," together with ALPA, the "Unions").

[2]  The Au Defendants include PaCap Aviation Finance ("PAF"), LLC, Malama Investments, LLC ("Malama"), PaCap Management Holdings, LLC, Jeffrey Au, and Jack Tsui, personally and as trustee of the Jack Cheuk She Tsui Revocable Living Trust.

## I.    BACKGROUND

Because the parties are familiar with the facts and history of this case, the

Court recounts only those details necessary for resolution of the Objections.

This consolidated case began as two separate adversary proceedings that

commenced in bankruptcy court after the shutdown and bankruptcy of the now-

defunct Hawaii Island Air, Inc. ("Island Air").  In the first case, Adversary

Proceeding No. 19-90027, later known as civil number 19-00574 JAO-RT,[3]

Plaintiffs asserted the following claims against the Au Defendants for which they

moved for attorneys' fees:

- Count I – Violation of Dislocated Workers Act ("DWA"), HRS § 394B-11
  and Piercing the Corporate Veil against all Au Defendants

- Count III – Violation of the Workers Adjustment and Retraining
  Notification Act ("WARN Act"), 29 U.S.C. § 2102 against PAF and
  Malama

- Count VI – Breach of Fiduciary Duty of Loyalty and Piercing the Corporate
  Veil for Allowing Assets to Dissipate against all Au Defendants

*See* ECF No. 776.  The Unions brought Counts I and III, while the Trustee

maintained Count VI.

---

[3]  In the second case, Adversary Proceeding No. 19-90049, later known as civil
number 20-00246 JAO-RT, the Trustee sought to rectify various loans and money
transfers made by the Defendants.

The Court held a month-long jury trial in September and October 2023 on the legal claims in the consolidated case, in which the Jury returned a verdict. *See* ECF No. 627. After the jury's verdict and the Court's resolution of various trial-related motions, the Court ruled on the equitable claims in its Amended Findings of Fact and Conclusions of Law ("Amended FOFCOL"), ECF No. 826, and entered an Amended Judgment, ECF No. 827.

The jury returned a verdict in favor of the Unions against the Au Defendants on the Count I DWA claim and awarded Plaintiffs $2,981,668 in damages. *See* ECF No. 827 at 2. The jury also found in favor of the Trustee against PAF, Malama, and Mr. Au on the Count VI breach of fiduciary duty claim and awarded $0.33 against each as nominal damages. *See id.* In its Amended FOFCOL, the Court ruled in favor of the Unions and against PAF and Malama for the Count III WARN Act claim and awarded $2,970,761 in damages. *See id.* at 4.

Plaintiffs moved for attorneys' fees for all three claims, as well for nontaxable costs related to Counts I and III. *See* ECF No. 767-1 at 6. The Au Defendants opposed the motion for fees and costs. *See* ECF No. 783. After significant further post-judgment motion practice, *see e.g.*, ECF Nos. 845, 919, 920, Judge Trader issued his F&R on October 6, 2025.

The F&R recommends that Plaintiffs are entitled to fees for all three counts. *See generally* ECF No. 940 at 46, 55, 59, 65. Judge Trader determined that

4

Plaintiffs were entitled to fees calculated by the lodestar method, and tabulated such amounts accordingly. *See id.* at 51, 55, 59. The F&R did however reduce some of the attorneys' requested hourly rates, finding the proposed rates unreasonable. *See id.* at 39–40. The F&R also recommends the Court award Plaintiffs their nontaxable costs. *See id.*

Both Plaintiffs and the Au Defendants timely objected to the F&R. *See* ECF Nos. 941, 942. Plaintiffs filed a response to the Au Defendants' Objections. *See* ECF No. 945. The Court resolves the Objections to the F&R without a hearing pursuant to Local Rule 7.1(d).

## II.    LEGAL STANDARD

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted);

5

*Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006). "Generally, a district court need not consider new arguments raised for the first time in objections to an R & R." *Olmos v. Ryan*, 2013 WL 3199831, at *8 (D. Ariz. June 24, 2013) (citing *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000)); *see also For Our Rights v. Ige*, 2023 WL 2666469, at *3 (D. Haw. Mar. 28, 2023).

## III.    DISCUSSION

Both parties objected to the F&R. Plaintiffs' sole objection is to the F&R's reduction of some of the requested hourly rates. *See* ECF No. 941 at 3. By contrast, the Au Defendants object to Plaintiffs' entitlement to fees and costs for all claims based on a myriad of different (and sometimes confusing) theories. *See generally* ECF No. 942. They, however, devote the bulk of their brief objecting to the award of fees for the breach of fiduciary duty claims in Count VI. *See generally id.*

After considering those objected-to portions of the F&R de novo, the Court adopts the F&R with only minor modifications as to the fees and costs sought for Counts I and III, but SUSTAINS the Au Defendants' Objection as to Plaintiffs' entitlement to attorneys' fees for Count VI. The Court OVERRULES the remainder of both parties' Objections.

## A.    Entitlement to Fees and Costs

### 1.    Count I – DWA

The DWA's plain text provides mandatory attorneys' fees and costs for prevailing plaintiffs.  *See* HRS § 394B-13(b) ("The court in any action brought under this section shall . . . allow costs of action, including costs of fees of any nature, and reasonable attorney's fees, to be paid by the defendant.").  The Au Defendants do not contest that Plaintiffs are entitled to fees under the statute; rather, they contend that the F&R's award of fees and costs on Count I violates the Court's order preventing double recovery on Counts I and IV.[4]  *See* ECF No. 942 at 28.  In their view, "if the Trustee prevails in full recovery as to Count IV, the Unions could recover nothing on Count I and be entitled to no recovery of attorneys' fees and/or costs on Count I."  *Id.*  But as Plaintiffs point out, it's equally true that "[i]f Plaintiffs recover everything on Count I (i.e. fees, interest, etc.) and then don't collect on Count IV, then there is no double recovery."  *See* ECF No. 945 at 21.  In other words, the Court's order preventing double recovery, *see* ECF No. 828, is about *recovery* not about award, and therefore does not serve as a basis to deny the mandatory fees (or costs) required by the DWA.

---

[4]  Counts I and IV are linked because Count IV is for breach of fiduciary duties for causing Island Air to violate the DWA.  *See* ECF No. 1-2 ¶¶ 228–38.

Next, the Au Defendants argue that an award of fees is premature because judgment is not final. *See* ECF No. 942 at 29. The Au Defendants have already raised this argument both here and in the Ninth Circuit, *see* ECF No. 886 at 7–8, but as this Court has explained, the Ninth Circuit denied the Au Defendants' motion on the matter without prejudice and that "unless and until the Ninth Circuit determines otherwise, the Court considers judgment in this case final (as the Malama/Au Defendants did when they filed their notice of appeal)," *see* ECF No. 903 at 5. Thus, the Court rejects the premise of the Au Defendants' argument.

The Court OVERRULES the Au Defendants' objections as to Count I and concludes Plaintiffs are entitled to fees and costs for the claim.

### 2.    Count III – WARN Act

The WARN Act provides that courts, "in [their] discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." 29 U.S.C. § 2104(a)(6). Again, the Au Defendants do not challenge Plaintiffs' entitlement to fees under the statute. Instead, they first argue that the F&R's recommended award is excessive because it includes fees and costs "attributable to Plaintiffs' failed attempts to include Mr. Au as a defendant for Count III," even though the Court amended the Judgment to exclude Mr. Au individually from WARN Act liability. *See* ECF No. 942 at 26; *see also* ECF No. 806 (Order Granting Mr. Au's Motion for Relief from Judgment Count III). Second, they contend that Dentons—

Plaintiffs' counsel—has a conflict of interest and cannot represent the Unions on their WARN Act claims. *See* ECF No. 942 at 26–28.

In response to the first argument, Plaintiffs convincingly point out that the Au Defendants do not attack any specific time-entry and that Plaintiffs' requested fees are for dates before the Au Defendants' relevant motion for relief from judgment. *See* ECF No. 945 at 19–20. Plaintiffs also aver that only three time-entries relate to the issue of whether Mr. Au was personally liable under Count III, and that they don't object to the Court reducing the fees award by $355.50. The Court gathers that the three entries are two from Mr. Kacprowski on 5/24/2024 for a total of 0.5 hours and one from Ms. Hanakahi on 5/29/2024 for a total of 0.4 hours, at Plaintiffs' requested rates rather than the rates the F&R awarded. *See* ECF No. 777-1 at 362.

That such little work was done specifically related to whether Mr. Au could be liable as an individual for the WARN Act claim is unsurprising. As the Court explained in its Order Granting Mr. Au's Motion for Relief from Judgment as to Count III, Mr. Au was not a named defendant in the complaint, and that even if he were, Plaintiffs had abandoned the WARN Act claim against him by trial. *See* ECF No. 806 at 9–10. It is also true that any work done related to establishing Mr. Au's control of and involvement in Island Air was relevant regardless of whether

9

he could be held individually liable because all that evidence was also relevant to how PAF and Malama controlled Island Air.  *See id.* at 14–15.

The Court is thus unpersuaded by the Au Defendants' vague objection that Plaintiffs' fee calculations included excess hours.  The Court therefore overrules the objection except for the three entries that Plaintiffs concede are related to the issue.

The Au Defendants' second objection regarding the alleged conflict of interest is also groundless.  As an initial matter, the Au Defendants fail to fully articulate their argument, instead directing the Court to filings in the Ninth Circuit.  ECF No. 942 at 26–27.  Such attempts to incorporate other briefs by reference are improper, and the Court will not consider them.  *See Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) ("[T]he Court will not consider the arguments that Plaintiff improperly seeks to incorporate by reference.  This Court only considers arguments that are specifically and distinctively raised by the parties in their briefs." (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003))).

In any event, the Au Defendants' contention about a conflict does not serve as a basis to deny fees.  As best the Court can tell, the Au Defendants argue that Dentons has a conflict of interest here that would bar it from recovering fees under Count III.  They point to the fact that Plaintiffs pooled some of their claims

(including Count III) and retained Dentons, which the Au Defendants say is problematic because the Unions and the Trustee have adverse interests regarding the Unions' similar pending administrative expense requests in the Bankruptcy Court. *See* ECF No. 942 at 27. From this opaque theory, the Au Defendants presumably want the Court to deny Plaintiffs' fee request for the Count III WARN Act claims, but they fail to persuade the Court that there is such a conflict of interest. And, regardless, they fail to cite any authority for the prospect that such a conflict would negate an award of attorneys' fees.

The Court OVERRULES the Au Defendants' Objections as to Count III and concludes Plaintiffs are entitled to fees and costs for the claim as reduced by the three entries that Plaintiffs concede can be deducted.[5]

### 3.    Count VI – Breach of Fiduciary Duty

As already noted, the Au Defendants devote the bulk of their Objections to attacking the F&R's attorneys' fee award for Count VI. They broadly argue that (1) under federal law, the fees award is disproportionate to the nominal damages Plaintiffs obtained on the claim; (2) the bankruptcy court must approve Dentons'

---

[5] The Au Defendants generally treat entitlement to fees and costs the same, but in one instance very briefly argue that the Court should deny *costs* to Plaintiffs because Plaintiffs failed to allocate their costs between Counts I and III. *See* ECF No. 942 at 28. Because the Court concludes that Plaintiffs are entitled to fees and costs on both counts, the lack of specific apportionment of costs is irrelevant.

fees; and (3) Plaintiffs are not entitled to fees under Delaware law.  The Court

addresses each in turn and concludes in its discretion that Plaintiffs are not entitled

to attorneys' fees as a matter of equity under Delaware law.

### a.    *Disproportionality Under Federal Law*

The Au Defendants assert that the F&R's recommendation to award nearly

$1 million in fees where Plaintiffs obtained ninety-nine cents in nominal damages

is contrary to federal law.  ECF No. 942 at 8–12.  Yet, the cases the Au Defendants

cite are inapplicable.  While those cases do stand for the principle that the degree

of success achieved should be proportionate to the fee award, they arise under

federal civil rights statutes, *see Farrar v. Hobby*, 506 U.S. 103, 115–116 (1992);

*Wilcox v. City of Reno*, 42 F.3d 550, 554 (9th Cir. 1994), or within the context of a

settlement approval under Federal Rule of Civil Procedure 23, *see Lowery v.

Rhapsody Int'l, Inc.*, 75 F.4th 985, 994–95 (9th Cir. 2023), and so aren't directly

on point.

Here, by contrast, the parties have treated the Count VI claim for breach of

fiduciary duty as arising under Delaware law.  *See* ECF No. 940 at 15 (F&R noting

that parties did not discuss choice of law analysis); ECF No. 826 ¶ 250 (citing AP

No. 19-90027, Dkt. No. 61 at 4 n.5 ("All parties agree that under the internal

affairs doctrine, Delaware law governs [the breach of fiduciary duties] issue[s].")).

Thus, whether Plaintiffs are entitled to fees for the claim is also a matter of

Delaware law.  *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir.

1997) ("[A] a prevailing party in a bankruptcy proceeding may be entitled to an

award of attorney fees in accordance with applicable state law if state law governs

the substantive issues raised in the proceedings." (citations omitted)).  The Court

will therefore look to Delaware law rather than federal law on the matter.

Although, as discussed below, because entitlement to fees under Delaware law is

an equitable matter, proportionality remains a relevant consideration.

### b.     *Bankruptcy Court Approval*

The Au Defendants assert that "[b]ecause Dentons has not obtained

Bankruptcy Court approval for any of its attorneys' fees (or costs) as to Count VI,

as a matter of law, the Trustee currently owes Dentons no attorneys' fees that could

be shifted to Defendants for payment, which at best would be premature at this

time."  ECF No. 942 at 13.  Assuming the Au Defendants are arguing that fees

should be denied based on the lack of Bankruptcy Court approval, this Court may

*award* fees, even if "Dentons must seek Bankruptcy Court approval of said fees

and costs pursuant to 11 U.S.C. § 330 before said fees and costs may be *paid* to

Dentons[,]" as the Au Defendants acknowledged in an earlier filing.  *See* ECF No.

783 at 14 (emphasis added).  Plaintiffs' counsel is aware of that requirement and

intends to comply.  *See* ECF No. 945 at 11.

### c.    *Entitlement to Fees Under Delaware Law*

The Au Defendants argue that Plaintiffs are not entitled to attorneys' fees for Count VI under Delaware law for several reasons, some of which are confusing or irrelevant.  Regardless, as the Court can discern, the Au Defendants contend that fees are inappropriate for Count VI because:  (1) the Au Defendants' conduct did not rise to the required level of egregiousness required for fees; and (2) the jury awarded de minimis damages.  The Court largely agrees that Plaintiffs have failed to establish that the Au Defendants' conduct was egregious enough to warrant the large fees award.

As an initial matter though, the parties and the F&R do not dispute the broad strokes of Delaware fees law.  While Delaware typically follows the "American Rule" in which parties bear their own attorneys' fees, the state's courts may as a matter of equity award fees for breaches of the fiduciary duty of loyalty.  *See William Penn P'ship v. Saliba*, 13 A.3d 749, 758 (Del. 2011).  While "potentially harsher rules come into play" to dissuade fiduciaries from acting disloyal, *see id.*, equitable fee shifting is still unusual and reserved for egregious breaches of the duty, *see In re Nine Sys. Corp. Shareholder Litig.*, 2015 WL 2265669, at *2 (Del. Ch. May 7, 2015).  Thus, a party seeking fees must demonstrate that the defendant "acted with *scienter* sufficient to warrant a finding of bad faith."  *In re Straight Path Cmmc'ns Consol. Stockholder Litig.*, 2024 WL 4602914, at * 5 (Del. Ch. Oct.

14

29, 2024) (citation omitted).  Under Delaware law, such equitable fee awards are "considered an appropriate part of damages."  *Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Estate Fund*, 68 A.3d 665, 687 (Del. 2013) (citation omitted).  As such, Delaware courts may award them even where the "harm flowing from the breach was 'not readily capable of quantification.'"  *See Metro Storage Int'l v. Harron*, 275 A.3d 810, 858 (Del. Ch. 2022) (quoting *Cantor Fitzgerald, L.P. v. Cantor*, 2001 WL 536911, at *3 (Del. Ch. May 11, 2001)).

It's worth noting that the Delaware caselaw in this arena typically does not involve jury verdicts because Delaware courts that deal with breaches of corporate fiduciary duty are chancery courts—for which there are no jury trials.  *See Goldstein v. Denner*, 310 A.3d 548, 569 (Del. Ch. 2024) (commenting that the Court of Chancery does not conduct jury trials).  So while the cases the parties cite involved scenarios where there was a breach of fiduciary duty but no damages awarded, *see, e.g., William Penn P'ship*, 13 A.3d 749, it was judges, rather than juries, that determined both whether to award damages and whether to award attorneys' fees.  This is to say that the judges who awarded attorneys' fees in the cases cited were also the triers of fact and obviously had better insight into the decisions not to award damages.

In any event, one thing is certainly clear from Delaware caselaw:  judges enjoy great discretion when deciding the question of attorneys' fees.  *See id*. at 758

15

("We do not substitute our own notions of what is right for those of the trial judge if that judgment was based upon conscience and reason, as opposed to capriciousness and arbitrariness.").

With that, the Court turns to the Au Defendants' Objections.

###### i. Egregiousness

Regarding egregiousness, the Au Defendants object to the F&R on the grounds that: (1) neither the jury nor the Court made an explicit factual finding that the Au Defendants acted egregiously, *see* ECF No. 942 at 13–15, 23–24, and (2) because the Au Defendants took some actions in the best interests of Island Air, they did not act with sufficient scienter, *id.* at 15–16.

Although it's true that there has been no explicit scienter finding with respect to Count VI, that's only because the Court has not faced the question until now. Indeed, to find liability on Count VI, the jury only had to answer whether the Au Defendants breached a fiduciary of loyalty to Island Air by allowing assets to dissipate in order to further their own interests, or by refusing to give up control in exchange for outside investments. *See* ECF No. 627 at 4. There was no further question about how egregious the breach was. As for the Court itself, the exact level of scienter was not at issue in the Amended FOFCOL. Thus, the Court has never had occasion to answer the question of egregiousness, so the lack of an answer does not constitute a valid objection to the F&R.

Still, the Court made factual findings in portions of its Amended FOFCOL

discussing other claims that are pertinent to the scienter inquiry.  The Au

Defendants cite the Court's comment that despite the jury's conclusion that the Au

Defendants breached their duty of loyalty to Island Air, all the former executives

and employees of Island Air testified that Mr. Au "wanted the best for Island Air."

*See* ECF No. 942 (citing ECF No. 826 ¶¶ 316–17).  But the Court also found

inequitable conduct for that particular claim, concluding that Mr. Au "placed his

own interest above those of other creditors."  ECF No. 826 ¶ 357.  And Plaintiffs

highlight the Court's findings that the Au Defendants gave themselves priority

over Island Air's other creditors.  *See* ECF No. 945 at 13 (citing ECF No. 826 ¶¶

310, 318, 320).  That's all to say to that the Court's previous orders and the jury's

verdict are not dispositive one way or another.  As such, the Court considers for the

first time whether the Au Defendants' conduct justifies fee shifting.

Under Delaware law, not every breach of the duty of loyalty necessitates fee

shifting.  *See In re Straight Path*, 2024 WL 4602914, at \*5 (citing *Ryan v. Tad's

Enters., Inc.*, 709 A.2d 682, 706 (Del. Ch. 1996)).  At least one case in Delaware

describes the central question for awarding fees as whether the fiduciary was

"acting to the detriment of those to whom their duties ran, for their own benefit,"

or whether the fiduciary believed they were acting in the best interest of the

company.  *See id.* at \*5–6 (discussing other Delaware cases).  In *Straight Path*, the

Court of Chancery concluded that while the fiduciary "flagrantly breached his duties," his acts were not comparable to the other cases "where fiduciaries sought to advance their own interests *solely*." *Id.* at *8 (emphasis added). Still, this must be balanced against the "potentially harsher rules" that are "designed to discourage disloyalty" and prevent situations where the plaintiffs are "penalized for bringing a successful claim" against a breaching fiduciary. *See William Penn P'ship*, 13 A.3d at 758–59.

Here, the Court presided over a month-long jury trial and has reviewed thousands of pages of evidence and argument concerning the various parties' conduct around the shuttering of Island Air. The totality of that experience leads the Court to conclude that the Au Defendants' conduct was not the type of egregious breach of duty of loyalty that warrants deviating from the American Rule to award Plaintiffs attorneys' fees. While the Au Defendants certainly favored themselves over Island Air, they still made some good faith efforts to save the company and at times worked in the best interest of the now-defunct airline. *See* ECF No. 826 ¶ 317. That the Au Defendants structured loans to Island Air to their advantage and/or refused to accept investment which would strip them of control as they waited for a so-called "angel investor," does not strike the Court as the type of conduct so deleterious that it must be punished as a matter of equity.

### ii.   Damages

The Au Defendants further argue that Plaintiffs are not entitled to fees under Delaware law because this isn't the type of case where damages for the breach of loyalty are hard to determine, but rather Plaintiffs failed to prove damages.  *See* ECF No. 942 at 17.  They also contend that Delaware prevents an award of fees where counsel worked on contingency and obtained only a nominal damages award.  *See id.* at 24–25.  Plaintiffs argue that Delaware law clearly allows for fee shifting, even where there is no damage award.  *See* ECF No. 945 at 8–10, 17.

Plaintiffs are correct that Delaware cases conclude that attorneys' fees can be appropriate in cases where damages are "unquantifiable," *see In re Nine Sys.*, 2015 WL 2265669, at *2, and fees can be awarded when there are *no* damages, *see William Penn P'ship*, 13 A.3d at 759.  Thus, Plaintiffs' failure to prove damages is indeed *somewhat* irrelevant.  The award of fees for breaches of duty of loyalty is a question of equity designed to punish breachers and to avoid penalizing plaintiffs for bringing meritorious claims.  *See In re Nine Sys.*, 2015 WL 2265669, at *2 ("Delaware courts have considered a need to discourage outright acts of disloyalty and to avoid penalizing plaintiffs for bringing a successful claim against the defendants for breach of their fiduciary duty of loyalty." (Internal quotation marks, brackets, footnote, and citation omitted)).

19

But it is those twin rationales—punishing breachers and avoiding penalizing winning plaintiffs—that expose the problem with awarding fees on Count VI. As stated above, the Court declines to find the Au Defendants egregiously breached their duty of loyalty. And Plaintiffs prevailed on several of their claims, with Dentons walking away from the case with some significant fees. So while they may have suffered a pyrrhic victory on Count VI, it wasn't the only claim in this case and Plaintiffs aren't "penalized" for bringing it.

Plaintiffs cite *William Penn* extensively in support of their argument that the lack of damages does not foreclose a fee award, but the case is only somewhat relevant to the issues at hand. First, on the facts, the situation is distinct. There, LLC managers failed to disclose the sale of the LLC's only asset—a motel—to some of the members, thus breaching the duty of loyalty. *See William Penn P'ship*, 13 A.3d at 757–58. However, because the Court of Chancery appraised the motel below the price it ultimately sold for, there were no typical damages. *See id.* at 759. Here, the facts concerning the various rounds of financing and the eventual closing of Island Air involved many more moving parts and uncertainty than the sale of the motel in the Delaware case. In other words, the breach was more obvious and egregious in *William Penn*.

Beyond the facts though, *William Penn* is not as helpful to Plaintiffs' case as they hope because it provides little explanation as to *why* the fee award was

20

justified.  The Delaware Supreme Court simply concluded that the Court of Chancery Chancellor acted within his discretion to "discourage outright acts of disloyalty by fiduciaries."  *See id.* at 759.  If anything, *William Penn* stands for the premise that courts enjoy broad discretion when it comes to awarding fees as a matter of equity, rather than any specific guidance about how to apply that discretion.

Although—in the chancery court cases—it appears that the lack of an award of damages is sometimes irrelevant to the decision to award fees, the jury's nominal award here corroborates the Court's conclusion about the egregiousness of the Au Defendants' breach of the duty of loyalty.  The jury awarded ninety-nine cents after hearing extensive evidence about how the Au Defendants' conduct harmed Island Air.  The Court finds that fact suggestive that equity does not demand an approximately $1 million fee award.  Indeed, even though Plaintiffs are correct that the Au Defendants misconstrue *Straight Path*'s ultimate conclusion, the case still provides informative context.

In that case, the Delaware Court of Chancery concluded that the fiduciary breached his duty of loyalty, but awarded only nominal damages.  The Vice Chancellor later declined to award fees on various grounds.  First, the Vice Chancellor concluded that the defendant's conduct was not sufficiently egregious to warrant fee shifting because he wasn't working exclusively for his own benefit.

21

*See In re Straight Path*, 2024 WL 4602914, at *5–8.  The court then rejected the plaintiff's secondary argument that the court should award fees *because* the plaintiff's counsel worked on contingency and would be left empty-handed.  *See id.* at *8.  It explained that the plaintiffs' attorneys were working on a contingency basis model where they would "accept the freight in a losing case," but seek fees in a winning one.  In the Vice Chancellor's estimation, the result in the case, "a finding of a breach of a fiduciary duty without an award of damages from which to recover a lodestar, is unusual, but fits within that business model as a known risk." *Id.*  He thus did "not find equity sufficiently invoked to justify imposing fee shifting."  *Id.*

That commentary from *Straight Path* is apt.  Plaintiffs' counsel accepted this case on a contingency basis, but was unable to prove anything more than nominal damages for Count VI, and that result was within the known risks of their arrangement.  Moreover, some of the calculus of what claims to bring must have contemplated that some claims were stronger than others.  The Court's decisions (and indeed, the jury's) haven't allowed the Au Defendants to walk away unscathed and similarly recognize that there were gradations in the severity of their behavior.

In sum, the Court declines to award fees to Plaintiffs' counsel as a matter of equity. The Court does not think that the Au Defendants' conduct warrants fee shifting.

## B.    Reasonableness of Fees

The only specific objection to the reasonableness of the requested hours and rates comes from Plaintiffs, who challenge the F&R's reduction of hourly rates for some of the attorneys and staff. *See* ECF No. 941 at 3. They ask the Court to honor the "rates requested and not objected to, rather tha[n] discounting them so as not to award current rates." *Id.* at 7.

As Plaintiffs allude to, the F&R adopted many of the rates that Plaintiffs requested, which the Au Defendants did not object to, but in some instances discounted the hourly rate to account for the fact that Plaintiffs did not separate the hourly rates requested by year. *See* ECF No. 940 at 27–28. Specifically, the F&R reduced the rates for 11 of the 19 individuals for whom Plaintiffs sought fees. *See id.* at 39–40 (chart detailing reductions). Most of the reductions represented about a 10% discount from the requested rate. *See id.*

Plaintiffs now argue that the Court should award the requested rates to encourage parties to agree upon market rates, *see* ECF No. 941 at 3–4, and stress that the Court has discretion to award the *current* rates rather than account for

historical rates, especially when the current requested rates are already discounted, *id.* at 5–7.

The Court agrees with the F&R's limited reductions to some requested rates and thus OVERRULES Plaintiffs' Objection.  As to encouraging agreement between the parties, while the Court referenced the parties' agreement in its order concerning the Ellison Defendants' motion for attorneys' fees, the Court still reduced (or increased) the requested rates to reflect what it considered a reasonable rate.  *See* ECF No. 939 at 31–32, 36.  The Court is under no obligation to accept the parties' agreement on fees.

Further, the Court finds Judge Trader's discounts to the requested rates reasonable based on Plaintiffs' failure to specify different rates for different years.  And while the Court recognizes that it *may* award current rates, *see* ECF No. 941 at 5–6, ultimately, the matter is discretionary, and the Court concludes that the F&R's hourly rates represent appropriate market rates.  *See* ECF No. 940 at 27–40 (explaining rate for each individual).

## IV.  CONCLUSION

For the foregoing reasons, the Court mostly OVERRULES the parties' Objections.  The Court OVERRULES Plaintiffs' Objection to the F&R's hourly rates.  The Court also OVERRULES the Au Defendants' Objections as to fees and costs on Counts I and III except for the three entries that Plaintiffs conceded should

24

be reduced.  However, the Court SUSTAINS the Au Defendants' Objection with

regard to Plaintiffs' entitlement to fees under Count VI.

The F&R recommended the following total amount of attorneys' fees:

| | |
|---|---|
| **Count I  (DWA)** | $1,118,602.82 |
| **Count III  (WARN Act)** | $91,924.74 |
| **Count VI  (Breach of Fiduciary Duty)** | $996,323.25 |
| **Total:** | $2,206,850.81 |

ECF No. 940 at 59.  The Court subtracts all the Count VI fees for a total of

$1,210,527.56 (2,206,850.81 – 996,323.25).

The Court then subtracts the three entries from Count III at the hourly rates

the F&R recommended.  Mr. Kacprowski's two entries equaled 0.5 hours, so at the

F&R's rate of $410, the Court reduces the total by $205.  Ms. Hanakahi's entry

was for 0.4 hours, so at the F&R's rate of $300, the Court reduces the total by

$120.  As such, the Court reduces the Count III total by $325 for a total of

$91,599.74 (91,924.74 – 325).  Combined with the fees for Count I, the new total

equals $1,210,202.56 (1,118,602.82 + 91,599.74).

The Court therefore awards the following amounts to Plaintiffs:

- Total attorneys' fees in the amount of $1,210,202.56 for Counts I and III.

- Total costs incurred litigating Counts I and III in the amount of

  $1,170,242.20.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 15, 2026.



Jill A. Otake
United States District Judge

CIV. NO. 19-00574 JAO-RT, *Kane v. PaCap Aviation Finance, LLC, et al.*;
ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (ECF NO. 940)